UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KENDRICK LEE,

        Petitioner,        Case No. 1:10-cv-1045

v.        Honorable Janet T. Neff

CAROL HOWES,

        Respondent.
_____/

**OPINION**

This is a habeas corpus action brought by a state prisoner pursuant to 28 U.S.C. § 2254. Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, RULES GOVERNING § 2254 CASES; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (the district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). After undertaking the review required by Rule 4, the Court concludes that the petition must be dismissed because it fails to raise a meritorious federal claim.

## Factual Background

Petitioner Kendrick Lee presently is incarcerated at the Lakeland Correctional Facility. He currently is serving a prison term of 225 months to 50 years, imposed by the Kalamazoo County Circuit Court on May 30, 2006, after Petitioner pleaded *nolo contendere* to the offense of assault with intent to commit murder, MICH. COMP. LAWS § 750.83. In his habeas application, Petitioner raises the following three grounds for relief:

> I. THE TRIAL COURT ERRED IN DENYING DEFENDANT'S MOTION TO CORRECT INVALID SENTENCE WHERE THE PARTIES ADDED THE OFFENSE VARIABLE[S] INCORRECTLY INCREASING THE SENTENCE GUIDELINES RANGE.
>
> II. APPELLATE COUNSEL WAS INEFFECTIVE WHERE HE OMITTED THE SIGNIFICANT AND OBVIOUS ISSUE OF THE TRIAL COUNSEL'S INEFFECTIVENESS FOR TRIAL COUNSEL'S FAILURE TO OBJECT TO IMPROPERLY SCORING. WHICH SUBJECTED DEFENDANT TO A HIGHER GUIDELINES SCORE THERE FOR A INVALID SENTENCE.
>
> III. APPELLANT WAS DENIED HIS CONSTITUTIONAL RIGHT TO EFFECTIVE ASSISTANCE OF APPEAL ATTORNEY WHEN THE APPEAL ATTORNEY FAILURE TO SUBMIT A PROPER BRIEF IN THE DEFENDANT[']S APPEAL OF RIGHT – ANY CLAIM WITH A ONE PAGE BRIEF, WITH NO CITES OR LAW OF ANY KIND – RESULTED IN INEFFECTIVE ASSISTANCE OF APPEAL COUNSEL.

(Pet., docket #1, Page ID #5.)

Petitioner's conviction arose from the brutal assault of the mother of his children, during which Petitioner beat the victim with a baseball bat more than 46 times, all while in the presence of his minor children. The victim suffered multiple fractures to her face, eye socket, jaw and right ulna, as well as multiple lacerations, including one on her scalp as long as 25 centimeters, and a 20-centimeter slash on her neck. She was hospitalized for 11 days, and she has been subjected to six surgeries. (5/30/06 Sentencing Tr. (S. Tr.), 29-30, 20, docket #1-1, Page ID ##80, 89-90.)

Petitioner admitted to committing the brutal assault, but he did not admit to the intent to kill, instead pleading *nolo contendere*. (S. Tr., 4.) As part of the plea agreement, the parties agreed that a second count and a supplemental notice would be dismissed. (S. Tr., 30.) In addition, the plea agreement contained a *Cobbs*[1] agreement, under which the parties, with the approval of the court, agreed that Petitioner would receive a sentence within the guidelines range of 135 to 225 months, corresponding with a Prior Record Variable (PRV) range of D, and an Offense Variable (OV) level of V. (S. Tr., 13-15.) Defense counsel agreed that the parties had accepted a PRV score of 35 (D range) and an OV score of 81 (level V), resulting in the agreed minimum sentencing range of 135 to 225, and stated that the *Cobbs* discussion with the court in chambers was based on the same guideline scores. (S. Tr., 14.)

At the time set for sentencing, Petitioner moved to withdraw the plea. Petitioner argued that he had made a mistake in agreeing to the plea because he did not have the necessary intent to kill. Counsel indicated that Petitioner had felt pressured into entering a plea after viewing, for the first time on the day before trial, certain photographs that the defense believed would overshadow Petitioner's claim that he did not intend to kill. (S. Tr., 4-5.) The court denied Petitioner's motion to withdraw the plea, finding that the interests of justice would not be served and that the prosecution would be substantially prejudiced because of reliance on the plea. The court also found that the motion, filed only a week before sentencing, appeared to be motivated by the recommendation of the presentence investigator. (S. Tr., 11-12.)

---

[1]*People v. Cobbs*, 505 N.W.2d 208 (1993) (holding that, where a judge preliminarily agrees to a particular sentence as the basis for a defendant's entry of a plea, the defendant must be given an opportunity to withdraw his plea if the subsequent sentence exceeds the preliminary evaluation).

The court heard objections to the presentence investigation report, a statement by the victim, and arguments by counsel. At his opportunity for allocution, Petitioner blamed the victim and called her a liar. (S. Tr., 27-28.) Relying upon the severity of the beating, the emotional trauma induced in Petitioner's children from witnessing the assault, and the shocking conduct of Petitioner in blaming the victim at sentencing, the court sentenced Petitioner at the top of the sentencing range.

While his appeal was pending, Petitioner apparently filed a motion to correct the invalid sentence, which was denied by the Kalamazoo County Circuit Court on March 1, 2007. (3/1/07 Cir. Ct. Order, Page ID #92.) Petitioner then filed an application for leave to appeal to the Michigan Court of Appeals, arguing that the circuit court had erred in denying his motion to correct the invalid sentence, where the parties had added the offense variables incorrectly, thereby increasing his sentencing guidelines range. Petitioner based his argument on the prosecutor's recitation of the particular OV scores on which the total OV of 81 points was based. The prosecutor, discussing the presentence investigation report, advised the court that the parties had agreed to score the variables as follows:

> MR. RUSSELL: Your Honor, the parties have discussed a possibly [sic] sentencing guideline range in this matter of 135 to 225 months.
>
> The PRV score's accurate at 35 points, making it a D range.
>
> The OV level, however, should be reduced to 81 points, making it a five-OV level five, and that's for the following:
>
> It's the People's position that OV 1 is appropriately scored at ten points;
>
> OV 2 is appropriate at one point;
>
> OV 3 is appropriate at 25;
>
> We agreed not to score OV 4 at ten;

> We agreed not to score OV 5 at 15.
>
> OV 6 is appropriate at 25;
>
> OV 7 we agreed not to score;
>
> OV 9 is appropriate at ten;
>
> [] OV 10 is appropriate at five; and
>
> OV 12 we agreed not to score.
>
> Bringing the total OV score down to 81 points, level five, with a sentencing range, then, of 135 to 225.
>
> That is consistent in a letter that I sent to Mr. Snell outlining the possibility of sentencing ranges in this matter. That same letter and range was discussed in chambers on the day of the plea, and I believe it was also placed on the record at the time of the plea that that would be the sentencing range but that the People would be recommending a minimum sentence at the high end of those guidelines.

(S. Tr., 13-14.) The court then inquired whether defense counsel was in agreement with the prosecutor's discussion of the guidelines agreement:

> MR. SNELL: The scoring at 35 on the PRV and the scoring of 81 on the OV is consistent with what Mr. Russell has just laid on the record as far as our negotiating that and talking about that prior to taking a plea agreement.
>
> Also, it's consistent with what we spoke with the Court about in chambers when we reached the *Cobbs*' [sic] agreement where the Court agreed that the Court would accept our scoring regardless of what came back from a presentence report and not exceed the guidelines that we had agreed to.
>
> So I believe 135 to 225 as a – as a D V is consistent with what we had come to an agreement on.
>
> THE COURT: I confirm that discussion and that scoring.

(S. Tr., 14-15.) Petitioner argued that, when the scores for the particular variables listed by the prosecutor are totaled, the OV score should have been 76, not 81, resulting in an OV level of IV rather than V. In that event, the minimum guidelines range would have been 126 to 210 months.

-5-

Petitioner therefore argued that he was entitled to resentencing within the lower range. On May 14, 2007, the court of appeals denied leave to appeal for lack of merit in the grounds presented. (Pet., ¶ 9.) Petitioner sought leave to appeal to the Michigan Supreme Court, which denied leave to appeal on April 28, 2008, because it was not persuaded that the question presented should be reviewed by the court. (*Id.*)

On April 2, 2009, Petitioner filed a motion for relief from judgment in the Kalamazoo County Circuit Court. In his motion, he argued that he had received the ineffective assistance of appellate counsel in failing to raise the ineffective assistance of trial counsel, who had neglected to object to the improper sentence scoring. (Pet., ¶ 11.) The circuit court denied the motion on April 13, 2009. (*Id.*; *see also* 3/1/07 Cir. Ct. Order, Page ID #92.) Petitioner filed an application for leave to appeal to the court of appeals. On July 21, 2009, the court of appeals denied leave to appeal on the ground that Petitioner had failed to meet the burden of establishing entitlement to relief under MICH. CT. R. 6.508(D). (Pet., ¶ 11.) Petitioner sought leave to appeal to the supreme court, raising the same issue and adding a second claim of ineffective assistance of appellate counsel, contending that counsel's brief on appeal was so inadequate as to amount to a denial of counsel. The supreme court denied leave to appeal on February 26, 2010, citing MICH. CT. R. 6.508(D). (*Id.*) Petitioner filed a petition for writ of certiorari to the United States Supreme Court, raising only the second claim of ineffective assistance of appellate counsel. The Supreme Court denied certiorari on October 4, 2010. (*Id.*)

In the interim, on August 5, 2009, Petitioner filed a petition for writ of habeas corpus in this Court, raising three issues that were not identical to those raised in the instant petition. *See*

*Lee v. Howes*, No. 1:09-cv-717 (W.D. Mich.) (Pet., docket #1). The Court denied the petition without prejudice for lack of exhaustion of available state-court remedies.

The instant petition was filed on or about October 21, 2010.[2]

**Discussion**

A.   Standard of Review

This action is governed by the Antiterrorism and Effective Death Penalty Act, PUB. L. 104-132, 110 STAT. 1214 (AEDPA). *See Penry v. Johnson*, 532 U.S. 782, 792 (2001). The AEDPA "prevents federal habeas 'retrials'" and ensures that state court convictions are given effect to the extent possible under the law. *Bell v. Cone*, 535 U.S. 685, 693-94 (2002). The AEDPA has "drastically changed" the nature of habeas review. *Bailey v. Mitchell*, 271 F.3d 652, 655 (6th Cir. 2001). An application for writ of habeas corpus on behalf of a person who is incarcerated pursuant to a state conviction cannot be granted with respect to any claim that was adjudicated on the merits in state court unless the adjudication: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d).

The AEDPA limits the source of law to cases decided by the United States Supreme Court. 28 U.S.C. § 2254(d). This Court may consider only the "clearly established" holdings, and not the dicta, of the Supreme Court. *Williams v. Taylor*, 529 U.S. 362, 412 (2000); *Bailey*, 271 F.3d

---

[2]Under Sixth Circuit precedent, the application is deemed filed when handed to prison authorities for mailing to the federal court. *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002). Petitioner dated his application on October 21, 2010, and it was received by the Court on October 26, 2010. Thus, it must have been handed to prison officials for mailing at some time between October 21 and 26. For purposes of this opinion, the Court has given Petitioner the benefit of the earliest possible filing date.

at 655. A decision of the state court may only be overturned if (1) it applies a rule that contradicts the governing law set forth by the Supreme Court; (2) it confronts a set of facts that are materially indistinguishable from a decision of the Supreme Court and nevertheless arrives at a different result; (3) it identifies the correct governing legal rule from the Supreme Court precedent but unreasonably applies it to the facts of the case; or (4) it either unreasonably extends a legal principle from Supreme Court precedent to a new context where it should not apply or unreasonably refuses to extend a principle to a context where it should apply. *Bailey*, 271 F.3d at 655 (citing *Williams*, 529 U.S. at 413); *see also Bell*, 535 U.S. at 694; *Lancaster v. Adams*, 324 F.3d 423, 429 (6th Cir. 2003).

A federal habeas court may not find a state adjudication to be "unreasonable" "simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Williams*, 529 U.S. at 411; *accord Bell*, 535 U.S. at 699. Rather, the issue is whether the state court's application of clearly established federal law is "objectively unreasonable." *Williams*, 529 U.S. at 410. The AEDPA also requires heightened respect for state factual findings. *Herbert v. Billy*, 160 F.3d 1131, 1134 (6th Cir. 1998). A determination of a factual issue made by a state court is presumed to be correct, and the petitioner has the burden of rebutting the presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *Lancaster*, 324 F.3d at 429; *Bailey*, 271 F.3d at 656.

Where the state court has not articulated its reasoning, the federal courts are obligated to conduct an independent review to determine if the state court's result is contrary to federal law, unreasonably applies clearly established law, or is based on an unreasonable determination of the facts in light of the evidence presented. *See Harris*, 212 F.3d at 943; *McKenzie v. Smith*, 326 F.3d 721, 727 (6th Cir. 2003). Where, as here, the circumstances suggest that the state court actually

considered the issue, the review is not *de novo*. *Onifer v. Tyszkiewicz*, 255 F.3d 313, 316 (6th Cir. 2001). The review remains deferential because the court cannot grant relief unless the state court's result is not in keeping with the strictures of the AEDPA. *Harris*, 212 F.3d at 943.

  B. <u>Merits</u>

  In his habeas application, Petitioner raises three interrelated grounds for relief. In his first ground for relief, Petitioner argues that he is entitled to resentencing because, based on the prosecutor's representations at sentencing about the scoring of the individual offense variables, his total OV score should have been 76 instead of 81, which should have placed him in a lower minimum sentencing range. In his second habeas ground, Petitioner asserts that trial counsel was ineffective in failing to obtain the lower sentencing range and that appellate counsel was ineffective in failing to raise ineffective assistance of counsel on direct appeal. In his third habeas ground, Petitioner raises a second claim of ineffective assistance of appellate counsel, contending that counsel's briefing of the sentencing claim was wholly inadequate.

  Claims concerning the improper scoring of sentencing guidelines are state-law claims and typically are not cognizable in habeas corpus proceedings. *See Hutto v. Davis*, 454 U.S. 370, 373-74 (1982) (federal courts normally do not review a sentence for a term of years that falls within the limits prescribed by the state legislature); *Austin v. Jackson*, 213 F.3d 298, 301-02 (6th Cir. 2000) (alleged violation of state law with respect to sentencing is not subject to federal habeas relief); *Cheatham v. Hosey*, No. 93-1319, 1993 WL 478854, at *2 (6th Cir. Nov. 19, 1993) (departure from sentencing guidelines is an issue of state law, and, thus, not cognizable in federal habeas review); *Cook v. Stegall*, 56 F. Supp. 2d 788, 797 (E.D. Mich. 1999) (the sentencing guidelines establish only rules of state law). There is no constitutional right to individualized

sentencing. *Harmelin v. Michigan*, 501 U.S. 957, 995 (1991); *United States v. Thomas*, 49 F.3d 253, 261 (6th Cir. 1995); *see also Lockett v. Ohio*, 438 U.S. 586, 604-05 (1978). Moreover, a criminal defendant has "no federal constitutional right to be sentenced within Michigan's guideline minimum sentence recommendations." *Doyle v. Scutt*, 347 F. Supp. 2d 474, 485 (E.D. Mich. 2004); *accord Lovely v. Jackson*, 337 F. Supp. 2d 969, 977 (E.D. Mich. 2004); *Thomas v. Foltz*, 654 F. Supp. 105, 106-07 (E.D. Mich. 1987). As a result, to the extent that Petitioner claims his total OV score was inaccurately reached, he raises a state-law claim not cognizable on habeas review.

Although state law errors generally are not reviewable in a federal habeas proceeding, an alleged violation of state law "could, potentially, 'be sufficiently egregious to amount to a denial of equal protection or of due process of law guaranteed by the Fourteenth Amendment.'" *Koras v. Robinson,* 123 F. App'x 207, 213 (6th Cir. Feb. 15, 2005) (citing *Bowling v. Parker*, 344 F.3d 487, 521 (6th Cir. 2003)). *See also Doyle*, 347 F. Supp. 2d at 485 (a habeas court "will not set aside, on allegations of unfairness or an abuse of discretion, terms of a sentence that is within state statutory limits unless the sentence is so disproportionate to the crime as to be completely arbitrary and shocking.") (citation omitted). A sentence may violate due process if it is based upon material "misinformation of constitutional magnitude." *Koras,* 123 F. App'x at 213 (quoting *Roberts v. United States,* 445 U.S. 552, 556 (1980)); *see also United States v. Tucker,* 404 U.S. 443, 447 (1972); *Townsend v. Burke,* 334 U.S. 736, 741 (1948). To prevail on such a claim, the petitioner must show (1) that the information before the sentencing court was materially false, and (2) that the court relied on the false information in imposing the sentence. *Tucker*, 404 U.S. at 447; *United States v. Polselli*, 747 F.2d 356, 358 (6th Cir. 1984). *Koras,* 123 F. App'x at 213 (quoting *United States v. Stevens,* 851 F.2d 140, 143 (6th Cir. 1988)). A sentencing court demonstrates actual

reliance on misinformation when the court gives "explicit attention" to it, "found[s]" its sentence "at least in part" on it, or gives "specific consideration" to the information before imposing sentence. *Tucker*, 404 U.S. at 444, 447.

Petitioner's sentence clearly is not so disproportionate to the crime as to be arbitrary or shocking. *Doyle*, 347 F. Supp. 2d at 485. Further, to the extent that Petitioner intends to suggest that the total OV score was based on false information because it reflected an error in addition, he fails to identify an issue of constitutional dimension. *Tucker*, 404 U.S. at 447. Although the record includes the prosecutor's expression of the agreement on the individual variables, there is no indication that any party – the defense, the prosecution, or the court – ultimately agreed to anything more than that the PRV level was 35 (a level D) and the OV level was 81 (a level V), and that Petitioner would receive a minimum sentence within the range of 135 to 225 months. In fact, defense counsel did not expressly agree with the particulars of each of the prosecutor's offense variable scores. Instead, defense counsel agreed that the prosecutor's representation about the total OV and PRV levels correctly reflected the parties' and the court's agreement at the time of the plea. (S. Tr., 14-15.) Further, there is no indication that the prosecutor would have offered a plea agreement with a *Cobbs* sentence in a lower range, based on a total OV level of 76 points (Level IV) rather than 81 points (Level V). Indeed, the prosecutor's offer reflected a significantly lower total OV than was recommended in the presentence investigation report, which calculated a total OV of 156 points (Level VI). If the presentence report had been accepted, Petitioner would have faced a minimum sentence between 171 and 285 months. Even more significantly, there is no indication that the court, which set the highest minimum sentence consistent with Petitioner's *Cobbs* agreement, would have been willing to accept a *Cobbs* agreement with the lower sentencing range,

especially given the court's factual findings about the nature of the offense conduct and Petitioner's conduct at sentencing. As a consequence, the foundational facts supporting the minimum sentencing range applied to Petitioner unquestionably reflected the parties' agreement and were not false within the meaning of *Tucker*, 404 U.S. at 447.

Moreover, Petitioner clearly and unequivocally accepted the plea bargain with a *Cobbs* agreement limiting his minimum penalty in the range of 135 to 225 months. It has long been the case that a valid guilty plea bars habeas review of most non-jurisdictional claims alleging antecedent violations of constitutional rights. *See Tollett v. Henderson*, 411 U.S. 258, 267 (1973). Among claims not barred are those that challenge "the very power of the State to bring the defendant into court to answer the charge against him," *Blackledge v. Perry*, 417 U.S. 21, 30 (1974), and those that challenge the validity of the guilty plea itself. *See Hill v. Lockhart*, 474 U.S. 52, 58 (1985); *Haring v. Prosise*, 462 U.S. 306, 320 (1983); *Tollett*, 411 U.S. at 267. A plea not voluntarily and intelligently made has been obtained in violation of due process and is void. *See McCarthy v. United States*, 394 U.S. 459, 466 (1969). Petitioner's claim does not challenge the power of the state to bring him into court. Thus, the only means available for challenging his conviction is to claim that his plea is invalid, i.e., it was not knowingly and voluntarily entered into. *See Mabry v. Johnson*, 467 U.S. 504, 508 (1984) ("It is well-settled that a voluntary and intelligent plea of guilty made by an accused person, who has been advised by competent counsel, may not be collaterally attacked.").

The test for determining a guilty plea's validity is "'whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant.'" *Hill v. Lockhart*, 474 U.S. 52, 56 (1985) (quoting *North Carolina v. Alford*, 400 U.S. 25, 31 (1970)).

Courts assessing whether a defendant's plea is valid look to "all of the relevant circumstances surrounding it," *Brady v. United States*, 397 U.S. 742, 749 (1970). Here, Petitioner does not dispute that his plea was knowing and voluntary. He does not allege that he was coerced or that he agreed to plead guilty with a misunderstanding of the consequences. His guilty plea was made with the understanding that he would be sentenced in the minimum guideline range of 135 to 225 months, and he was sentenced within that range.

Petitioner argues, however, that his defense attorney rendered ineffective assistance of counsel at sentencing by not finding the error in the prosecutor's calculations. In *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984), the Supreme Court established a two-prong test by which to evaluate claims of ineffective assistance of counsel. To establish a claim of ineffective assistance of counsel, the petitioner must prove: (1) that counsel's performance fell below an objective standard of reasonableness; and (2) that counsel's deficient performance prejudiced the defendant resulting in an unreliable or fundamentally unfair outcome. A court considering a claim of ineffective assistance must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689. The defendant bears the burden of overcoming the presumption that the challenged action might be considered sound trial strategy. *Id.* (citing *Michel v. Louisiana*, 350 U.S. 91, 101 (1955)); *see also Nagi v. United States*, 90 F.3d 130, 135 (6th Cir. 1996) (holding that counsel's strategic decisions were hard to attack). The court must determine whether, in light of the circumstances as they existed at the time of counsel's actions, "the identified acts or omissions were outside the wide range of professionally competent assistance." *Strickland*, 466 U.S. at 690. Even if a court determines that counsel's performance was outside that range, the defendant is not entitled to relief if counsel's error had no effect on the

judgment. *Id.* at 691. A claim of ineffective assistance of counsel presents a mixed question of law and fact. Accordingly, the Court must apply the "unreasonable application" prong of § 2254(d)(1). *See Barnes v. Elo*, 339 F.3d 496, 501 (6th Cir. 2003).

The two-part *Strickland* test applies to challenges to guilty pleas based on ineffective assistance of counsel. *Hill*, 474 U.S. at 58. Regarding the first prong, the court applies the same standard articulated in *Strickland* for determining whether counsel's performance fell below an objective standard of reasonableness. *Id.* In analyzing the prejudice prong, the focus is on whether counsel's constitutionally deficient performance affected the outcome of the plea process. "[I]n order to satisfy the 'prejudice' requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Id*. at 59.

"When deciding ineffective-assistance claims, courts need not address both components of the inquiry 'if the defendant makes an insufficient showing on one.'" *Campbell v. United States*, 364 F.3d 727, 730 (6th Cir. 2004) (quoting *Strickland*, 466 U.S. at 697). "If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed." *Strickland*, 466 U.S. at 697.

Petitioner's ineffective-assistance-of-counsel claim fails because he cannot establish the necessary prejudice under *Strickland* and *Hill*. Petitioner essentially argues that trial counsel should have obtained a better plea offer by pointing out that the prosecutor made an error in reaching his total OV calculation of 81. He effectively contends that counsel should have convinced the prosecutor to offer and the court to accept a lower sentencing range in a *Cobbs* agreement. However, in reaching the total points he offered, the prosecutor agreed not to count several variables

– variables resulting in an additional 75 points ultimately being scored against Petitioner by the presentence investigator. (Pet., Page ID #93.) Given the substantial benefit of the prosecutor's *Cobbs* offer, which also included the waiver of other charges, Petitioner cannot demonstrate that the prosecutor could have been convinced to make a lower offer. Further, it is even more unlikely that the sentencing court would have agreed to be bound by a lower *Cobbs* offer. At sentencing, the court emphasized the egregious nature of the offense and sentenced Petitioner to the longest term available under the *Cobbs* agreement. More importantly, the trial court effectively demonstrated that it would not have agreed to a lower *Cobbs* agreement when it denied Petitioner's motion for resentencing and subsequently rejected Petitioner's claim of ineffective assistance counsel. Finally, Petitioner at no time argues that, with trial looming the next day, he would not have pleaded guilty to the offense had he realized that his attorney had some possibility of convincing both the prosecutor and the court to accept a lower *Cobbs* agreement. *See Hill*, 474 U.S. at 59 (defining prejudice in the context of a guilty plea).

The state courts therefore reasonably applied established Supreme Court precedent in rejecting Petitioner's claims of sentencing error and ineffective assistance of trial counsel in failing to point out that error. Moreover, because Petitioner fails to raise a cognizable sentencing error and fails to demonstrate that trial counsel was ineffective, appellate counsel could not have been ineffective for failing to raise the ineffective assistance of counsel claim on direct appeal. *See Burton v. Renico*, 391 F.3d 764, 781-82 (6th Cir. 2004) (where the underlying habeas claim lacks merit, counsel is not ineffective in declining to raise the issue on appeal).

In his final ground for habeas relief, Petitioner argues that appellate counsel was ineffective on direct appeal because his argument was only one page in length. Petitioner's claim

is frivolous. Effective advocacy requires focus and clarity. *See Smith v. Murray*, 477 U.S. 527, 536 (1986) ("'[W]innowing out weaker arguments on appeal and focusing on' those more likely to prevail, far from being evidence of incompetence, is the hallmark of effective appellate advocacy.") (quoting *Jones v. Barnes*, 463 U.S. 745, 751-52 (1983)). Although the argument portion of the appellate brief was only one page, the issue required no additional length to establish its point. Counsel clearly set forth the problem in his statement of facts and then limited his argument to identifying why the trial court had erred in denying the motion for resentencing.

In sum, the state-courts' rejections of Petitioner's claims were not based on an unreasonable determination of the facts and were neither contrary to nor an unreasonable application of established Supreme Court precedent. 28 U.S.C. § 2254(d).

## Conclusion

In light of the foregoing, the Court will summarily dismiss Petitioner's application pursuant to Rule 4 because it fails to raise a meritorious federal claim.

## Certificate of Appealability

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This Court's dismissal of Petitioner's action under Rule 4 of the Rules Governing § 2254 Cases is a determination that the habeas action, on its face, lacks sufficient merit to warrant service. It would be highly unlikely for this Court to grant a certificate, thus indicating to the Sixth Circuit Court of Appeals that an issue merits review, when the Court has already determined that the action is so lacking in merit that service is not warranted. *See Love v. Butler*, 952 F.2d 10 (1st Cir. 1991) (it is "somewhat

anomalous" for the court to summarily dismiss under Rule 4 and grant a certificate); *Hendricks v. Vasquez*, 908 F.2d 490 (9th Cir. 1990) (requiring reversal where court summarily dismissed under Rule 4 but granted certificate); *Dory v. Comm'r of Corr. of the State of New York*, 865 F.2d 44, 46 (2d Cir. 1989) (it was "intrinsically contradictory" to grant a certificate when habeas action does not warrant service under Rule 4); *Williams v. Kullman*, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983) (issuing certificate would be inconsistent with a summary dismissal).

The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* at 467. Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Murphy*, 263 F.3d at 467. Consequently, this Court has examined each of Petitioner's claims under the *Slack* standard. Under *Slack*, 529 U.S. at 484, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). In applying this standard, the Court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of Petitioner's claims. *Id.*

The Court finds that reasonable jurists could not conclude that this Court's dismissal of Petitioner's claims was debatable or wrong. Therefore, the Court will deny Petitioner a certificate of appealability.

A Judgment and Order consistent with this Opinion will be entered.


Dated: November 10, 2010          /s/ Janet T. Neff
                                  Janet T. Neff
                                  United States District Judge